UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES JOHNSON, RICHARD MONTANA, JOHN RAU, and TAMMIE RENTSCHLER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JTK RESTORATIONS, LLC, and JAMIE L. ULRICH, <br><br> Defendants. | CIVIL ACTION No. 14-CV-487 <br><br> COLLECTIVE ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, James Johnson, Richard Montana, John Rau, and Tammie Rentschler, by and through their legal counsel, Cross Law Firm, S.C., Nola J. Hitchcock Cross, Janice M. Pintar, Katherine M. Gaumond, and Danielle Bailey, file this Complaint against Defendants, JTK Restorations, LLC and Jamie L. Ulrich, seeking unpaid wages under state and federal law and state as follows:

## NATURE OF ACTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as Wisconsin's wage payment and overtime laws ("WPCL") pursuant to Sections 104.001 *et seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.001 *et. seq.* and 274.01 *et. seq.* brought by Plaintiffs on behalf of themselves and all other similarly situated current and former employees for the purposes of seeking unpaid minimum wage and overtime compensation,

1

liquidated damages, costs, attorneys' fees and any other such relief the Court may deem appropriate.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiffs' state law wage claims as these claims are so related to this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants do business in this district and the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff James Johnson (hereinafter "Johnson") is a resident of Wisconsin, whose residence is located in Greenfield, Wisconsin, 53220. Johnson is a former employee of Defendants, who, at all times relevant hereto, worked in excess of forty hours each work week and who was entitled to but not paid any overtime premium for this work. Johnson is individually covered under the FLSA because he was regularly engaged in interstate commerce.

6. Plaintiff Richard Montana (hereinafter "Montana") is a resident of the state of Wisconsin, whose residence is located in Milwaukee, Wisconsin, 53215. Montana is a former employee of Defendants, who, at all times relevant hereto, worked in excess of forty hours each work week and who was entitled to but not paid any overtime premium for this work. Montana is individually covered under the FLSA because he was regularly engaged in interstate commerce.

7. Plaintiff John Rau (hereinafter "Rau") is a resident of the state of Wisconsin, whose residence is located in West Allis, WI 53214. Rau is a former employee of Defendants, who, at all times relevant hereto, worked in excess of forty hours each work week and who was entitled to but not paid any overtime premium for this work. Rau is individually covered under the FLSA because he was regularly engaged in interstate commerce.

8. Plaintiff Tammie Rentschler (hereinafter "Rentschler") is a resident of the state of Wisconsin, whose residence is located in Greenfield, Wisconsin, 53220. Rentschler is a former employee of Defendants, who, at all times relevant hereto, worked in excess of forty hours each work week and who was entitled to but not paid any overtime premium for this work. Rentschler is individually covered under the FLSA because she was regularly engaged in interstate commerce.

9. Defendant JTK Restorations, LLC, (hereinafter "JTK Restorations") is a limited liability company doing business in Wisconsin with a principal place of business located at 9744 S. Shepard Hills Circle, Oak Creek, Wisconsin, 53154. At all times relevant hereto, JTK Restorations was an employer and covered enterprise as those terms are defined in the FLSA and the WPCL.

10. Defendant Jamie L. Ulrich (hereinafter "Ulrich") is an individual and owner of JTK Restorations, whose residence is located at 9744 S. Shepard Hills Circle, Oak Creek, Wisconsin, 53154. At all times relevant hereto, Ulrich was an employer as those terms are defined in the FLSA and WPCL in that he was responsible for the day-to-day operations of JTK Restorations, had operational control over JTK Restorations, and made the decision to not pay any overtime premium to Plaintiffs and employees of JTK Restorations. Ulrich is jointly and

3

severally liable with JTK Restorations for the unpaid minimum wage and overtime premiums at issue in this action.

**GENERAL ALLEGATIONS**

11.  Ulrich owns and operates JTK Restorations.

12.  JTK Restorations contracts with banks and other companies to rehabilitate foreclosed homes for resale.

13.  At all times relevant hereto, JTK Restorations employed Plaintiffs and a crew of laborers (hereinafter "crew members") who were assigned by Ulrich to work on a particular foreclosed home.

14.  The crew members' work generally entailed cleaning, hauling garbage, painting, fixing windows and roofs, mowing lawns and performing other manual, light maintenance duties.

15.  JTK Restorations provided its crew members with the tools necessary to perform the tasks required on each particular house, e.g., cleaning, painting, etc.

16.  JTK Restorations instructed its crew members as to the means and manner of performing each task required in each particular house.

17.  Defendants paid crew members a fixed salary for work performed each work week.

18.  Defendants expected their crew members to report to Ulrich's residence at approximately 7:00 a.m. each work day.

19.  Ulrich then informed each crew member where to go and what to do at each job site.

20.  Plaintiffs generally used company vehicles to travel to the various job sites.

21. At the end of the work day, the crew members reported back to Ulrich at his residence to return the company vehicle.

22. Defendants expected crew members to work approximately ten to twelve hours each day, six to seven days per week.

23. Crew members usually did not take lunch breaks.

24. Defendants failed to keep accurate records of all hours worked by crew members.

25. Defendants never paid their crew members any overtime premium for hours worked in excess of forty each work week.

26. Due to the large number of hours worked, and in some cases the small salary provided, at times crew members were not paid a minimum wage for work performed during certain work weeks.

27. Plaintiffs were each employed by Defendants as crew members over the previous three years prior to the filing date of this Complaint.

28. Plaintiffs were paid on a salary basis for the work they performed each work week.

29. Plaintiffs regularly worked in excess of forty hours each work week and were never paid any overtime premium for such work.

30. Plaintiffs were often assigned to work on houses in and around the state of Wisconsin and outside the state of Wisconsin including Illinois and Ohio.

31. Plaintiffs generally began each workday at Ulrich's residence, except when traveling out of state.

32. Once at Ulrich's residence, Plaintiffs gathered Defendants' tools needed to perform each job required at the job site, including, but not limited to cleaning, hauling garbage,

5

painting, fixing windows and roofs, mowing lawns and performing other light maintenance duties.

33. Plaintiffs were then told by Ulrich where to go each workday.

34. At all times relevant hereto, Plaintiffs were employees of Defendants, because Defendants controlled the means and manner of the work they performed, provided Plaintiffs with the tools necessary to perform the work, and because Plaintiffs were economically dependent upon Defendants in performing this work.

35. As such, Plaintiffs were entitled to overtime compensation for all hours worked in excess of forty each work week.

36. Defendants illegally misclassified Plaintiffs as independent contractors to avoid paying them overtime compensation for all hours worked in excess of forty each work week and other statutory benefits under the law.

## **COLLECTIVE CLASS ALLEGATIONS**

37. Plaintiffs bring this action on behalf of themselves and all others similarly situated.

38. The similarly situated employees include:

    Collective Class: All persons who are or have been employed by Defendants as crew members who worked in excess of forty hours and who were not paid any overtime premium for this work at any time within three years prior to the filing of this action.

39. Plaintiffs and the Collective Class are similarly situated because they have been subject to the same illegal policies, practices, and payment scheme in that they have been entitled to but denied overtime premium for all hours worked in excess of forty each work week.

6

40. Plaintiffs and the Collective Class are similarly situated because they have performed the same work, have been subjected to the same direction and control of Defendants, and have been subjected to the same illegal misclassification as independent contractors.

## COUNTS

### Count I – Violation of FLSA

41. Plaintiffs and the Collective Class re-allege and incorporate by reference all paragraphs set forth above as if fully restated herein.

42. Defendant JTK Restoration is and was subject to the overtime pay requirements of the FLSA because it is a covered enterprise engaged in commerce and/or the production of goods for commerce.

43. Defendant Ulrich is jointly and severally liable with JTK Restorations for the unpaid minimum wage and overtime premiums at issue in this action.

44. At all times material herein, Plaintiffs and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

45. Plaintiffs and the Collective Class are victims of uniform and company-wide policies and practices in violation of the FLSA in misclassifying employees as independent contractors and in failing to pay them overtime premiums for all hours worked in excess of forty each work week.

46. Defendants have violated the FLSA by misclassifying employees as independent contractors and in failing to pay them overtime premiums for all hours worked in excess of forty each work week and in some cases, failing to pay the statutory minimum wage.

47. Defendants have violated the FLSA by failing to keep accurate records of all hours worked by crew members.

48. The FLSA exempts certain employees from overtime pay. None of these exemptions apply to Plaintiffs and the Collective Class.

49. Defendants' failure to pay overtime to Plaintiffs and the Collective Class was willfully perpetrated.

50. Defendants had no reasonable grounds to believe their actions were not a violation of the FLSA.

51. As such, Plaintiffs and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216 (b).

52. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premiums, Plaintiff and the Collective Class are entitled to an award of pre-judgment interest.

53. Plaintiffs and the Collective Class are entitled to the mandated overtime premium pay for all hours worked in excess of forty each work week for a three year period preceding the date of the filing of this Complaint.

54. Plaintiffs and the Collective Class are entitled to their reasonable attorneys' fees and costs expended in bringing this action.

### Count II – Violation of Wisconsin Wage Payment Laws

55. Plaintiffs and the Collective Class re-allege and incorporate by reference all paragraphs set forth above as if fully restated herein.

56. Plaintiffs and the Collective Class are also entitled to overtime pay pursuant to Wisconsin Wage Payment Laws, Sections 104.001 *et seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.001 *et seq.* and 274.01 *et seq.*

57. Plaintiffs and the Collective Class are employees within the meaning of Wis. Stat. § 109.01(1r).

58. Defendants were employers within the meaning of Wis. Stat. § 104.01(2).

59. At all times material herein, Plaintiffs and the Collective Class have been entitled to the rights, protections, and benefits provided under Wisconsin Wage Payment Laws including overtime premiums for all hours worked in excess of forty each work week.

60. Plaintiffs and the Collective Class are victims of uniform and company-wide policies and practices in violation of Wisconsin Wage Payment Laws in misclassifying employees as independent contractors and in failing to pay them overtime premiums for all hours worked in excess of forty each work week.

61. Defendants have violated Wisconsin Wage Payment Laws by misclassifying employees as independent contractors and in failing to pay them overtime premiums for all hours worked in excess of forty each work week.

62. Defendants have violated Wisconsin Wage Payment Laws by failing to keep accurate records of all hours worked by crew members.

63. Wisconsin Wage Payment Laws exempt certain employees from overtime pay. None of these exemptions apply to Plaintiffs and the Collective Class.

64. Defendants' failure to pay overtime to Plaintiffs and the Collective Class was willfully perpetrated.

65. Defendants had no reasonable grounds to believe their actions were not a violation of Wisconsin Wage Payment Laws.

66. As such, Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount up to fifty percent of the unpaid overtime premium, pursuant to Wis. Stat. § 109.11.

67. Plaintiffs and the Collective Class are entitled to their reasonable attorneys' fees and costs expended in bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) Issue an Order allowing Notice to all similarly situated current and former employees of JTK Restorations informing them of the nature of this action, and of their right to opt-in to this action;

b) Issue an Order directing Defendants to pay Plaintiffs and the Collective Class all monies due and owing for unpaid overtime premiums for hours worked in excess of forty hours each work week pursuant to the FLSA and Wisconsin Wage Payment Laws;

c) Issue an Order directing Defendants to pay Plaintiffs and the Collective Class liquidated damages under the FLSA and the Wisconsin Wage Payment Laws;

d) Issue an Order directing Defendants to pay Plaintiffs and the Collective Class for all costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

e) Provide Plaintiffs and the Collective Class with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues triable by jury under Wisconsin and federal law.

Dated at Milwaukee, Wisconsin, this 29th day of April 2014.

Respectfully submitted,

10

Case 2:14-cv-00487-NJ    Filed 04/29/14    Page 10 of 11    Document 1

Attorneys for Plaintiffs

**Cross Law Firm, S.C.**

By: s/Katherine M. Gaumond

Nola J. Hitchcock Cross
State bar No. 1015817
njhcross@crosslawfirm.com
Janice M. Pintar
State bar No. 1041821
jpintar@crosslawfirm.com
Katherine M. Gaumond
State bar No. 1088722
kgaumond@crosslawfirm.com
Danielle Bailey
State bar No. 1088865
dbailey@crosslawfirm.com

Cross Law Firm, S.C.
The Lawyers' Building
845 North 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)

11