UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICHARD MONTANA and**
**JOHN RAU, on behalf of themselves**
**and all others similarly situated,**

        Plaintiff,

    -vs-                                Case No. 14-C-487

**JTK RESTORATIONS, LLC, and**
**JAMIE L. ULRICH,**

        Defendants.

---

## DECISION AND ORDER

---

Richard Montana and John Rau are former employees of JTK Restorations, LLC. Montana, Rau, James Johnson, and Tammie Rentschler sued JTK Restorations and its owner, Jamie Ulrich, for violations of the Fair Labor Standards Act and Wisconsin's Wage Payment law. Johnson and Rentschler were dismissed by stipulation.

The Court conditionally certified the following class: All persons who are or have been employed by defendants as a crew member who worked in excess of forty hours and who were not paid any overtime premium for this work at any time within three years prior to this action. Upon proper notice, two individuals opted-in as plaintiffs: Bryant Schultz and Billy Whitehead.

Now before the Court is the plaintiffs' motion for summary judgment. For the reasons that follow, this motion is granted.

## Background

JTK Restorations is a construction and service business located in Oak Creek, Wisconsin. JTK provided labor and materials required to model, repair, and perform other work at homes that went into foreclosure at the request of companies that worked with and received assignments from lenders. JTK employed persons to perform tasks such as cleaning, hauling garbage, painting, fixing windows and roofs, mowing lawns, and other manual tasks and light maintenance duties. JTK provided transportation for the crew members to use when performing JTK work, including the vehicle, gas, and automobile insurance. JTK also provided tools for the crew to use when performing certain tasks.

At the relevant time, JTK had no more than seven or eight individuals working for it, including wage earners, salaried employees, and independent contractors. Ulrich gave the people who worked for him the option of becoming employees or working as independent contractors, the difference being that independent contractors were responsible for paying their own taxes. Rau and Whitehead opted to work as independent contractors. When deposed, Rau testified that he had not worked "on paper

… tax wise" for the 10 years before he began working for JTK. After Rau left JTK, it came to light that he was being criminally prosecuted for his failure to pay child support. Whitehead testified that he has child support obligations and that he quit his previous employment because the employer was deducting child support and taxes from his paycheck.

JTK paid crew members a flat amount of money which was based on a sixty hour week. The flat amount paid factored in minimum wage for the first forty hours and time and a half for the remaining twenty hours. JTK paid extra money on top of that for good performance and Christmas bonuses. According to Ulrich, this arrangement worked better than paying workers based on the amount of work coming in because "people like knowing what they are going to be paid every week."

At his deposition, Ulrich admitted that he had not read the Fair Labor Standards Act or Wisconsin's wage payment and collection laws, and that he has never had any training on the wage laws before he was sued by the plaintiffs. However, from his own experience, Ulrich assumed that employees should be paid 1.5 times their regular rate for overtime and believed that he was complying with the law. Also, Ulrich has a Wisconsin wage poster posted in his office. Such posters typically explain the law related to overtime pay. After being sued, rather than risk being wrong in

its interpretation of the law, JTK began paying workers based on time cards.

## Analysis

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court accepts as true the evidence of the nonmovant and draws all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee …" 29 U.S.C. § 203(d). Wisconsin's Wage Payment Law has a similar definition. Wis. Stat. § 109.01(2) ("'employer' means any person engaged in any activity, enterprise or business employing one or more persons within the state, …"). JTK and Ulrich concede that they meet these definitions, and

moreover, that Ulrich is jointly and severally liable under the FLSA and state law. *See, e.g., Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 343 (S.D.N.Y. 2005) ("a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages").

Under Wisconsin law and the FLSA, employers must pay overtime to employees working on an hourly basis. If such an employee works more than 40 hours in a week, he or she must receive at least one and a half times the regular wage for every extra hour worked. *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 369 (7th Cir. 2005) (citing 29 U.S.C. § 207(a)(1)). None of the class employees are exempt from this requirement. *See id.* (explaining that individuals employed in a bona fide executive, administrative, or professional capacity are exempt from FLSA's overtime requirement) (citing 29 U.S.C. § 213(a)(1)).

JTK argues that Rau and Whitehead are not covered employees under the FLSA because they chose to work as independent contractors. This choice cannot operate as a waiver because a nonexempt employee's right to overtime pay under the FLSA is nonwaivable. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

Instead, status as an "employee" for purposes of the FLSA "depends

- 5 -

Case 2:14-cv-00487-DEJ   Filed 09/14/15   Page 5 of 9   Document 42

on the totality of circumstances rather than any technical label," so courts "must examine the 'economic reality' of the working relationship." *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992). Relevant factors are: (1) the nature and degree of the alleged employer's control of the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending on his or her managerial skill; (3) the alleged employee's own investment in equipment or materials required; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an "integral part" of the alleged employer's business. *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1534-35 (7th Cir. 1987).

None of the plaintiffs, including Rau and Whitehead, performed work that required any special skills. Instead, they were general laborers performing manual tasks at job sites, as directed by JTK and Ulrich. Moreover, none of the plaintiffs were hired to work on a specific project, e.g., at a particular house or series of houses. Instead, they were hired on a permanent basis to do whatever work JTK had available for them to perform. Thus, the relevant factors demonstrate that the plaintiffs are employees, despite any purported election to the contrary.

- 6 -

Case 2:14-cv-00487-DEJ   Filed 09/14/15   Page 6 of 9   Document 42

JTK argues that the plaintiffs were paid for their overtime because an overtime premium was built-in to their weekly pay. It is not unlawful to pay non-exempt employees on a salary basis, 29 C.F.R. § 778.114, but as relevant here, it "is not possible for an employer lawfully to agree with his employees that they will receive the same total sum, comprising both straight time and overtime compensation, in all weeks without regard to the number of overtime hours (if any) worked in any workweek. The result cannot be achieved by the payment of a fixed salary or by the payment of a lump sum for overtime or by any other method or device." 29 C.F.R. § 778.500(b). Thus, JTK's arrangement, whereby employees would get paid the same amount each week, without regard to the amount of overtime actually worked, was unlawful.

Defendants attempt to escape liability pursuant to the irregular hours exception. 29 U.S.C. § 207(f). However, for hours to be considered "irregular," they "must, in a significant number of weeks, fluctuate both *below forty hours per week* as well as above, and the fluctuations below forty must result from work requirements, not vacations, holidays, illness or reasons personal to the employee." *Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 154 (5th Cir. 1982) (emphasis added); *see also Condo v. Sysco Corp.*, 1 F.3d 599, 602 (7th Cir. 1993); 29 C.F.R. § 778.406.

Thus, the exception does not apply because the plaintiffs did not dip below the forty-hour threshold. *Donovan*, 666 F.2d at 154 ("This follows from one of the basic purposes of the exception, to protect employees against 'short' paychecks when the nature of their work requires weeks of substantially fewer than forty hours").

Plaintiffs are also entitled to summary judgment on their claim that the defendants failed to track the hours of its employees. *See* Defendants' Response to Plaintiffs' Proposed Findings of Fact, ¶ 14 ("JTK admits that before it was sued in this case, JTK did not maintain a log showing when crew members started and ended work"). Thus, the plaintiffs are relieved of their burden to prove damages with specificity. *See Brown v. Family Dollar Stores of Ind., LP*, 534 F.3d 593, 595 (7th Cir. 2008) ("To place the burden on the employee of proving damages with specificity would defeat the purpose of the FLSA where the employer's own actions in keeping inadequate or inaccurate records had made the best evidence of such damages unavailable") (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)).

Finally, plaintiffs argue that they are entitled to summary judgment on their claim that the defendants' violations were willful. The standard for willfulness under the FLSA is that "the employer either knew or showed

- 8 -

reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Ulrich knew, at least generally, that workers are entitled to time and a half if they work more than forty hours per week, but he failed to investigate or consult with an attorney to determine if his arrangement complied with the law. *See, e.g., Hardrick v. Airway Freight Sys., Inc.*, 63 F. Supp. 2d 898, 904 (N.D. Ill. 1999). Therefore, Ulrich acted recklessly, and the statute of limitations is three years, not two. 29 U.S.C. § 255(a).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** plaintiffs' motion for summary judgment [ECF No. 33] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**